BEFORE THE SECOND DIVISION, OCTOBER 1, 1940

**No. 44387.**—Protest 837644–G of Nagao Shoten, Ltd. (Honolulu).

TILSON, Judge:  The question involved in this suit is the proper classification of certain cloth upon which duty was levied at 45 cents per pound and 60 percent ad valorem under paragraph 1306 of the Tariff Act of 1930 as woven fabrics in the piece, in chief value of rayon, not specially provided for.  The plaintiff claims the same to be properly dutiable at 27.55 percent ad valorem under paragraph 904 (c) of said act, as cotton cloth, printed, dyed, or colored.

At the trial of the case counsel for the plaintiff moved the court for an order directing that a sample of the merchandise be referred to the Bureau of Textile Analyses in the office of the New York Appraiser for the purpose of determining the component material of chief value, and also for determining the characteristics of the fabric.  Objection was made to the granting of this motion, but the court finally ruled as follows:

In view of the fact that this is the only case, and without establishing a precedent, I will order this sample to be submitted to the laboratory for the analysis requested.

To the above ruling counsel for the defendant failed to take an exception.

The court also directed that the analysis which it ordered be marked Exhibit 2 and filed with the papers in this case.  Such an exhibit is now with the papers before us.  Instead of taking an exception to the ruling of the court directing that the requested analysis be made and filed as a part of the record in this case, counsel for the defendant asked:

Will counsel abide the result of the analyst's report on the sample?

At a subsequent hearing, at which time the case was submitted, counsel for the defendant again objected to the admission of the analyst's report in evidence. The court, however, ruled that it had been properly admitted, and to this ruling, as in the first instance, counsel for the defendant failed to take an exception.

The general rule appears to be that, on the trial of a case, an objection made and overruled as to the admission of evidence, if no exception be taken, is waived. *Poole* v. *Fleeger*, 11 Pet. 185; *United States* v. *Gotliev Breitling*, 20 Howard 252; *Scott* v. *Lloyd*, 9 Pet. 418.

In the case of *Okuda* v. *United States*, Abstract 28995, a sample of the merchandise was introduced in evidence as Exhibit 1, and plaintiff's counsel requested that it be referred to the analytical bureau at New York for analysis to determine the component material of chief value. In its decision of that case, this court stated:

At the second hearing of this case at Los Angeles on July 12, 1933, the foregoing report of analysis was offered in evidence by the plaintiffs. Defendant's counsel objected "without an opportunity to cross examine the man who made the analysis." The report was received in evidence as Exhibit 2, and defendant's counsel granted an exception.

Although, as before shown, counsel for the defendant objected to the admission in evidence of the analyst's report as to the component material of chief value of the merchandise in the *Okuda* case, *supra*, and thereupon requested and was granted an exception to the adverse ruling, on appeal to the Court of Customs and Patent Appeals the decision of this court was affirmed, 23 C. C. P. A. 46, T. D. 47713, the court, among other things, saying:

This concession is entirely proper and correct, in view of the report of the analyst, *which is the only evidence in the case upon this point*, to the effect that the relative values of the respective materials are, plaster of paris 70.20 per centum; cellulose ester compound 29.80 per centum. [Italics ours.]

\*          \*          \*          \*          \*          \*          \*

It seems to us that the importers must be held, at least *prima facie*, to have met the burden which normally rested upon them.

Counsel for the defendant relies upon the case of *United States* v. *Woolworth*, 22 C. C. P. A. 134, T. D. 47108, as support for his position that the report of the Government analyst was erroneously admitted in evidence in this case, and quotes from said decision as follows:

We are of opinion, therefore, that the court below erred in admitting in evidence the report of the analyst, for the purpose of establishing the component material of chief value, over the objection of counsel for the Government.

In the *Woolworth* case, *supra*, the appellate court states:

\* \* \* Counsel for the Government objected to its introduction. The court below overruled the objection, and admitted the report in evidence. *To that ruling counsel for the Government duly excepted.* [Italics ours.]

In the instant case, however, as heretofore pointed out, counsel for the Government failed to take an exception to the ruling of the court admitting the analyst's report in evidence, and in that respect the two cases are different, and since the general rule appears to be that where an objection is made and overruled as to the admission of evidence, if no exception be taken, the objection is waived, we shall consider the report of the analyst as being properly before us for consideration.

Thus considering the record, it clearly shows that the component material of chief value in the merchandise is cotton. We therefore hold the merchandise which was assessed with duty at 45 cents per pound and 60 percent ad valorem under paragraph 1306 of the Tariff Act of 1930 to be properly dutiable at the appropriate rate according to the average number of yarns and other statutory requirements, as cotton cloth, printed, dyed, or colored, under paragraph 904 (c) of said act, as claimed by the plaintiff.

To the extent indicated the specified claim in this suit is sustained; in all other respects and as to all other merchandise all the claims are overruled. Judgment will be rendered accordingly.